PANISH | SHEA | BOYLE | RAVIPUDI LLP
DANIEL W. DUNBAR, State Bar No. 100607
 *ddunbar@psbr.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff Charles James Ericsson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES JAMES ERICSSON, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**1.  FTCA - NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff CHARLES JAMES ERICSSON brings this action against Defendant UNITED STATES OF AMERICA alleging negligence resulting from a motor vehicle collision on September 29, 2020. ("SUBJECT INCIDENT")

2.     At the time of the collision, while in the course and scope of his employment with the United States Homeland Security ("VEHICLE #1"), Dwarika Boodoo was operating a 2018 White Ford Explorer on Interstate 5. Dwarika Boodoo negligently traveled out of his lane of travel and directly collided into a 2015 Subaru Crosstrek driven by Decedent Maria De La Luz Torres ("VEHICLE #2").

       As a result, both VEHICLE 1 and VEHICLE 2 traveled out of control to the right into the #5 lane and directly into the path of Plaintiff CHARLES JAMES
PLAINTIFF'S COMPLAINT

1. ERICSSON and collided into Plaintiff CHARLES JAMES ERICSSON's truck ("SUBJECT TRUCK").

3. As a result, of this collision, Plaintiff CHARLES JAMES ERICSSON sustained significant physical, mental, and emotional personal injuries.

## PARTIES

4. At all times relevant herein, Plaintiff Charles Ericsson is a United States citizen, a citizen and resident of the State of California, County of Los Angeles.

5. Defendant UNITED STATES OF AMERICA (UNITED STATES), is a government entity organized and existing under the laws of the United States of America and conducting regular business in the State of California, County of Los Angeles. Plaintiff is informed and believes, and thereupon alleges, that at the time of the SUBJECT INCIDENT, Dwarika Boodoo negligently caused injuries to Plaintiff CHARLES JAMES ERICSSON while in the course and scope of his employment with the Department of Homeland Security, an entity under the United States Government's Federal Executive Department. Plaintiff is informed and believes, and thereupon allege, that Mr. Boodoo was acting in his employment with the Department of Homeland Security and driving a vehicle owned by the General Services Administration, an agency of Defendant the UNITED STATES, when he caused the collision with VEHICLE #2 which ultimately collided with the SUBJECT TRUCK, and therefore was the agent of the Department of Homeland Security for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (hereinafter FTCA), and was acting under the immediate jurisdiction of such government entity, thereby making the Defendant UNITED STATES liable for his acts and omissions.

## JURISDICTION VENUE AND STANDING

6. This Court's jurisdiction over claims against the UNITED STATES arises under 28 U.S. Code §§ 1331(b), 1346(b), and the FTCA, 28 U.S.C. §§ 2671-

2680.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because it is the federal district in which a substantial part of the events or omissions giving rise to these claims occurred.

8. Plaintiff presented an Administrative Claim to The Department of Homeland Security, the appropriate Federal Agency, for the SUBJECT INCIDENT on February 19, 2021. This claim was received by The Department of Homeland Security on February 24, 2021.

9. The Department of Homeland Security responded on July 29, 2022 denying Plaintiff's claim; accordingly pursuant to 28 U.S.C. § 2401, Plaintiff has a right to sue the UNITED STATES in law (FTCA).

10. Plaintiff's Administrative Claims has been perfected under FTCA, to the extent such perfection is required, and now Plaintiff commences this action pursuant to 28 U.S. Code § 2675 and § 2401.

## GENERAL ALLEGATIONS

11. On September 29, 2020, at approximately 7:56 a.m. (or before), Plaintiff CHARLES JAMES ERICSSON suffered personal injuries while driving southbound on Interstate 5 in the City of Los Angeles, County of Los Angeles, State of California, when Dwarika Boodoo, while in the course and scope of his duties for Defendant UNITED STATES and driving VEHICLE #1 owned and maintained by Defendant UNITED STATES, traveled out of his lane of travel and directly collided into VEHICLE #2. As a result, both VEHICLE #1 and VEHICLE #2 traveled out of control to the right into the #5 lane and directly into the path of Plaintiff CHARLES JAMES ERICSSON and collided the SUBJECT TRUCK. Plaintiff CHARLES JAMES ERICSSON suffered personal injuries as a result of the impact.

12. At all times relevant during the SUBJECT INCIDENT, Plaintiff CHARLES JAMES ERICSSON was operating an International 3 Axle 2020 Commercial Truck, SUBJECT TRUCK.

3
PLAINTIFF'S COMPLAINT

13. Plaintiff is informed, believed, and thereupon alleged that at the time of the SUBJECT INCIDENT, Dwarika Boodoo was in the course and scope of employment with the Department of Homeland Security and thereby Defendant UNITED STATES, when the SUBJECT INCIDENT occurred.

## FIRST CAUSE OF ACTION
## NEGLIGENCE (FTCA)
## AGAINST DEFENDANT UNITED STATES

14. Plaintiff restates and incorporates herein by reference and every allegation and statement contained in the prior paragraphs.

15. Plaintiff's First Cause of Action is for negligence, and is brought against Defendant UNITED STATES as an action in law pursuant to jurisdiction provided by the Federal Tort Claims Act (FTCA).

16. Plaintiff is informed, believe, and thereupon alleges that Dwarika Boodoo, who was driving VEHICLE #1 that caused the SUBJECT INCIDENT owed a duty of care to Plaintiff to maintain and operate his vehicle reasonably, while obeying applicable law and the rules of the road, and to maintain control of VEHICLE #1 in a safe manner so as to not endanger the motoring public. Plaintiff is further informed, believes, and thereupon alleges that Dwarika Boodoo who was driving VEHICLE #1 that caused the SUBJECT INCIDENT while acting in the course and scope of his employment with The Department of Homeland Security (as a subdivision of United States Government's Federal Executive Department), and DEFENDANT UNITED STATES, breached that duty of care by negligently and recklessly operating his vehicle in such a grossly negligent manner that it caused the SUBJECT INCIDENT and resulting physical, mental, and emotional injuries to Plaintiff CHARLES JAMES ERICSSON.

17. Plaintiff CHARLES JAMES ERICSSON is informed, believes, and thereupon alleges that Defendant's negligent and reckless conduct directly and proximately caused the SUBJECT INCIDENT and the resulting injuries to Plaintiff

CHARLES JAMES ERICSSON.

18. Plaintiff is informed, believes, and thereupon alleges that the conduct of Dwarika Boodoo who was driving the vehicle that caused the SUBJECT INCIDENT, occurred while Dwarika Boodoo was within the course and scope of his employment, agency and/or service with Defendant UNITED STATES, which is vicariously liable for the same negligent conduct.

19. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Plaintiff CHARLES JAMES ERICSSON suffered physical, mental, and emotional injuries, which compelled, Plaintiff CHARLES JAMES ERICSSON to employ the services of hospitals, doctors, physicians, paramedics, and nurses. Plaintiff is further informed and believes, and thereon alleges, that, Plaintiff CHARLES JAMES ERICSSON suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff CHARLES JAMES ERICSSON hereby prays for judgment against Defendant for $6,000,000 as follows:

1. For all available general damages (also known as non-economic damages);

2. For all available special damages (also known as economic damages), including but not limited to, past hospital, medical, professional, and incidental expenses and loss of past, present, and future earnings according to proof;

3. For costs of suit and prejudgment interest as awardable by law;

4. For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, on all causes of action as to all Defendants.

DATED: September 12, 2022       PANISH | SHEA | BOYLE | RAVIPUDI LLP

By: _____
Daniel W. Dunbar
Attorneys for Plaintiff Charles James Ericsson